**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DAYA INVESTMENTS, INC.** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:18-cv-00160** |
| | § | **JURY** |
| **PALOMAR SPECIALTY INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO QUASH**

TO THE HONORABLE JUDGE OF SAID COURT:

1. Other federal district courts rejected similar efforts of a party that issued a subpoena under Rule 45 and Rule 30(b)(6) in an attempt to elicit testimony from a nonparty expert. *Lead GHR Enterprises, Inc. v. Am. States Ins. Co.*, 3:17-MC-91-M-BN, 2017 WL 6381744, at *10 (N.D. Tex. Dec. 14, 2017); *see Perry v. United States*, No. 3:96-CV-2038-T, 1997 WL 53136, at *1 (N.D. Tex. Feb. 4, 1997). Indeed, Judge Boyle refused to permit such an obvious effort to circumvent the customary application of the discovery rules when she held: "[R]ule 26(b)(4) governs a party's access to the opposing party's experts. A party may not circumvent the limitations of Rule 26 and gain access to opposing expert evidence via a bare *subpoena duces tecum*." *Perry* at *1 (internal citation omitted).

2. Federal District Courts throughout the country have adopted a similar position by finding that a party may not use a nonparty subpoena to bypass expert discovery parameters of Rule 26. *See In re Fuller*, No. 2:13-MC-140-JHR, 2013 WL 5305317, at *2 (D. Me. Sept. 18, 2013) (collecting cases in which courts found that a party may not use a nonparty subpoena to bypass the proper application of Rule 26); *see also Westchester Surplus Lines Ins. Co. v. Interstate*

*Underground Warehouse & Storage, Inc.*, No. 16-00136-CV-W-HFS, 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017) (refusing to permit a party to use a nonparty subpoena to discover Rule 26 information because "Rules 26 and 30 operate as a control, or brake if you will, on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial."); *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D. Va. 1992) (same).

3. Here, Plaintiff's Subpoena seeks to elicit expert testimony from Unified Building Services and Rimkus Consulting Group under the guise of a Rule 45 *subpoena duces tecum* and Rule 30(b)(6). As discussed in Palomar's Motion to Quash, the documents Plaintiff seeks are examples of what an expert may be compelled to provide under Rule 26(b)(4)A. Notably, Plaintiff seeks "Any and All" records pertaining to Plaintiff's property that are related to the insurance claim. Both Unified Building Services and Rimkus Consulting Group will provide expert testimony by this Court's deadline. Palomar's expert deadline is on November 27, 2018.

4. Regardless, this information is preciously the information Unified and Rimkus will testify about as a designated testifying expert. Consequently, to seek this information through a non-party subpoena is facially burdensome to Palomar's experts, and is an end run around Rule 26(b)(4)A. Moreover, Plaintiff's request that Rimkus Consulting Group and Unified Building Services designate a corporate representative under Rule 30(b)(6) undermines Palomar's choice of expert witnesses, before this Court's expert designation deadline.

5. For these reasons, the Court should grant Palomar's Motion to Quash and require Plaintiff to pursue expert discovery under the appropriate grounds under Rule 26(b) and its scheduling order.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

*/s/ George Arnold*

**George H. Arnold, *Attorney-in-Charge***
S.D. Tex. Bar No. 15948
State Bar No. 00783559
*garnold@thompsoncoe.com*
**Susan Sparks Usery**
S.D. Tex. Bar No. 13550
State Bar No. 18880100
susery@thompsoncoe.com
One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR PALOMAR SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of October 2018, a true and correct copy of the foregoing instrument was served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Preston J. Dugas III
PRESTON DUGAS LAW FIRM, PLLC
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, TX 76102
***Attorney for Plaintiff***

*/s/George Arnold*
George H. Arnold